UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---

ELIZABETH BOARDMAN,

        Plaintiff,

  v.

COMMISSIONER OF INTERNAL REVENUE, Douglas H. Shulman,

        Defendant.

No. 2:12-cv-00639-MCE-GGH

MEMORANDUM AND ORDER

----oo0oo----

Through this action, Plaintiff Elizabeth Boardman seeks a permanent injunction preventing Defendant Internal Revenue Service ("IRS") from using its tax collection procedures to infringe on her religious rights. Plaintiff alleges that Defendant's policies run afoul of the First Amendment's Free Exercise Clause and the Religious Freedom Restoration Act of 1993 ("RFRA").

///

///

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Additionally, Defendant moves the Court to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Rule 12(b)(6). Plaintiff filed her complaint on March 13, 2012. (ECF No. 1.) Defendant's motion to dismiss was filed on July 29, 2012. (ECF No. 6.) Plaintiff filed an opposition to Defendant's motion (ECF No. 11), and Defendant filed a timely reply (ECF No. 12). For the reasons set forth below, Defendant's motions are GRANTED.[2]

## BACKGROUND[3]

As a lifelong Quaker and peace activist, Plaintiff "refuses voluntarily to pay the percentage of her federal income taxes that is directed towards war." (ECF No. 1 at 1.) In fact, Plaintiff takes the position that "paying for war is repugnant to her religion and to her conscience." (Id. ¶ 35.) "The religious practice of antiwar tax retention, often called 'war tax resistance,' is an established [Quaker] practice." (Id. ¶ 16.)

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. R. 230(g).

[3] The factual assertions in this section are based on the allegations in Plaintiff's complaint unless otherwise specified. (ECF No. 1.)

2

Quakers, like Plaintiff, suffer spiritual pain from war and adhere to a commandment against killing. (Id. ¶¶ 9, 29.) Plaintiff has held numerous leadership positions within Quaker organizations, and she has written several books and articles about Quaker customs and teachings. (Id. ¶ 6.) Plaintiff has also been involved in several forms of antiwar activism. (Id. ¶¶ 7-8.) These include writing letters, holding vigils, participating in marches and traveling to Iraq. (Id.)

When filing her federal tax returns for the 2007 and 2008 tax years, Plaintiff fully completed the returns with accurate information but remitted only about half of her federal income tax liability. (ECF No. 11 at 1.) In a letter attached to the tax returns, Plaintiff explained that "her conscience and religious beliefs would not allow her to pay the full amount due." (ECF No. 1 at 1-2.) Plaintiff's letter also offered evidence that the withheld funds were on deposit with a financial institution and maintained that she would pay the funds if they were allocated toward peaceful purposes. (Id. at 2.) Further correspondence between Plaintiff and Defendant resulted in Defendant stating that Plaintiff's justification was frivolous and not supported by law. (Id. ¶¶ 33, 36.) Once Plaintiff's argument was deemed "frivolous," the Tax Relief and Health Care Act of 2006 ("TRHCA") allowed Defendant to deny any additional administrative or judicial review. (Id. ¶ 30.) As a result, Plaintiff's demand for a Tax Court determination was unsuccessful. (Id. ¶¶ 39, 40.)

///

///

3

Plaintiff also claims that Defendant misrepresented various aspects of the tax collection process and misconstrued Plaintiff's statements. (Id. ¶ 41.) Plaintiff further alleges that Defendant's threats of imminent seizure compelled Plaintiff to pay her outstanding liability for the 2008 tax year. (Id.)

Plaintiff claims that Defendant "employs punitive procedures and/or policies against persons who fail or refuse to make full payment of taxes on grounds of religion or conscience." (Id. at 2.) Defendant's practices, according to Plaintiff, are discriminatory and seek to suppress conduct undertaken for religious reasons. (ECF No. 11 at 17.) In fact, Plaintiff alleges that Defendant intentionally frustrated her religious beliefs by depriving her of rights and procedures that would have been available had she not asserted a religious motive for withholding a portion of her taxes. (ECF No. 1 at 2.)

Specifically, Plaintiff contends that Defendant's regulations and methods violate the First Amendment's Free Exercise Clause and the RFRA. (Id. at 3.) Plaintiff also takes offense to the word "frivolous" being used to describe a taxpayer's reliance on moral or religious grounds as a justification for refusing to pay their taxes. (Id.) Although Plaintiff claims that she does not challenge the tax system or "seek to restrain assessment or collection of tax," she does request a permanent injunction forcing Defendant to promulgate new procedures for collecting taxes. (Id. ¶¶ 4, 34, 54.) In doing so, Plaintiff "seeks to enforce the intent of Congress, which is to protect and preserve an established religious practice." (ECF No. 11 at 3.)

4

Plaintiff implicitly acknowledges that Defendant correctly calculated her taxes owed and any penalty due, and she does not request monetary damages.  (Id. ¶ 55.)  As indicated above, Defendant's motion is now before the Court for adjudication.

**MOTION TO DISMISS PURSUANT TO 12(B)(1)**

**STANDARD**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the plaintiff bears the burden of demonstrating that the court has jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The court presumes that jurisdiction is lacking until the plaintiff proves otherwise. Stock W., Inc., v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989).  Furthermore, courts should grant the motion if the complaint, when considered in its entirety, fails to allege facts sufficient to establish jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 1979), cert. denied, 541 U.S. 1009 (2004).  "When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is not restricted to the face of the pleadings, but may review any evidence." McCarthy v. U.S., 850 F.2d 558, 560 (9th Cir. 1988).  The party challenging jurisdiction may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack").

5

Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Generally, leave to amend should be denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. Broughton v. Cutter Labs, 622 F.2d 458, 460 (9th Cir. 1980).

## ANALYSIS

The Anti-Injunction Act ("the Act") establishes that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).

///
///
///

6

"The Court has interpreted the principal purpose of [the Act] to be the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference." Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). As such, the Act applies to all cases impacting tax collection, even if the complaint alleges constitutional violations. Alexander v. Ams. United Inc., 616 U.S. 752, 759 (1974). Furthermore, courts have relied on the Act when the complaint seeks injunctive relief. Uptergrove v. United States, 2009 WL 2244185, *2 (E.D. Cal. July 27, 2009).

Courts tend to broadly and strictly enforce the Act. Maxfield v. U.S. Postal Serv., 752 F.2d 433, 434 (9th Cir. 1984). If the Act applies to a particular lawsuit, the court lacks jurisdiction to entertain the claim or grant relief. Life Science Church v. IRS, 525 F. Supp 399, 404 (N.D. Cal. 1981). However, the Act "sets forth [a two-prong exception] which, if present, will support the granting of equitable relief." Church of Scientology of California v. United States, 920 F.2d 1481, 1484 (9th cir. 1990). "[A]n injunction may be obtained against the collection of any tax if [the plaintiff establishes that] (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury." Id. at 1485 (internal citations omitted).

///
///
///
///

### A. Whether the Act Applies

Plaintiff claims that the Act is not applicable in this case because she "does not seek to restrain assessment or collection of any tax." (ECF No. 1 at 4.) Moreover, Plaintiff states that she "does not contend herein that the amount of any determination of tax or penalty by [Defendant] was improper and she does not seek any monetary damages." (Id. at 19.) Instead, Plaintiff asks for "efficient and transparent collection of taxes" and asserts that her "requested restraints on abuse are extraneous to tax assessment and collection protected by the [Act]." (ECF No. 11 at 13-14.) Defendant asserts that although "Plaintiff candidly admits that she does not seek a refund of taxes paid," she "seeks an injunction requiring the government to reorganize the method it has chosen to assess and collect taxes." (ECF No. 7 at 10.) Thus, Defendant contends that Plaintiff's requested relief would hinder Defendant's "ability to avoid engaging in legally frivolous and ultimately meritless arguments advanced by taxpayers regardless of their religious or moral beliefs." (Id. at 11.)

In a similar case involving a plaintiff disputing the constitutionality of particular tax code statutes, the court held that "[a]lthough [plaintiff's] complaint does not specifically seek an injunction restraining the assessment or collection of tax, the relief he seeks . . . would 'necessarily preclude the Act's collection of' the challenged tax and therefore falls within the Act's scope." Hansen v. Dep't of Treasury, 528, 601 (9th Cir. 2007).

8

Here, while Plaintiff claims she does not wish to interfere with tax assessment and collection, she requests that Defendant implement new procedures and policies for collecting taxes. Contrary to Plaintiff's stated purpose, her complaint is actually a thinly-veiled attempt to force extensive and burdensome changes to Defendant's already complex taxation system. As such, granting relief to Plaintiff would certainly impede the collection of taxes.

The Court has no doubt that ruling in Plaintiff's favor would negatively impact Defendant's established methods of assessing taxes. It is also clear that compelling Defendant to adopt procedures catering to the religious or moral views of every taxpayer would significantly burden tax collection. Indeed, the costs of administering the tax system may become prohibitively expensive, threatening the system's integrity, if Defendant allocated tax revenue based on the individualized beliefs of each taxpayer. Thus, the Court agrees with Defendant that Plaintiff's suit challenges statutory framework pertaining to tax assessment and collection, and, if Plaintiff is successful, she would "impermissibly restrain and hamper [Defendant's] ability to assess and collect taxes." (ECF No. 7 at 11.) As a result, the Court finds that the Act does apply to the case at hand. Because the Act applies, the Court lacks jurisdiction unless Plaintiff demonstrates that she satisfies both prongs of the exception.

///
///
///

**B.     Whether Plaintiff Satisfies the Act's Exception**

A plaintiff bears the burden of demonstrating both that "the Government could not ultimately prevail" and that he will suffer an irreparable injury with no legal remedy.  Church of Scientology of California, 920 F.2d at 1485.

**1.    Could the Government Ultimately Prevail**

This first prong is satisfied "[o]nly if it is then manifest, under the most liberal view of the law and the facts, that the government cannot prove its claim." Thrower v. Miller, 440 F.2d 1186, 1187 (9th Cir. 1971).  Although Plaintiff fails to provide an argument regarding the first prong, Defendant contends that "Plaintiff cannot establish that under no circumstance could [Defendant] ultimately prevail on the merits of the action." (ECF No. 7 at 11.)  Specifically, Defendant responds to Plaintiff's Free Exercise claim by stating that "[n]eutral laws of general application (such as the federal tax laws in question) do not run afoul of the Free Exercise Clause of the First Amendment, even when they somehow burden religious practices." (Id. at 18.)  Thus, Defendant argues that it could indeed prevail regarding whether existing tax administration framework violated Plaintiff's First Amendment rights.  (Id. at 11.)

"[T]he necessities of revenue collection under enactments of general applicability raise governmental interests sufficiently compelling to outweigh the free exercise rights of those who find the tax objectionable on bona fide religious grounds."

10

Franklet v. United States, 578 F. Supp. 1552, 1556 (N.D. Cal. 1984).  "[E]ven a substantial burden [on free exercise] would be justified by the 'broad public interest in maintaining a sound tax system,' free of 'myriad exceptions flowing from a wide variety of religious beliefs.'"  Hernandez v. Comm'r Internal Revenue, 490 U.S. 680, 699-700 (1989) (internal citations omitted).  Furthermore, previous Supreme Court decisions "make it unmistakably clear that the constitutional nature of a taxpayer's claim, as distinct from its probability of success, is of no consequence under the [Act]."  Alexander, 416 U.S. at 759.

While Plaintiff's pleadings are somewhat unclear, Plaintiff apparently claims that the Tax Relief and Health Care Act of 2006 ("TRHCA"), which curtails the administrative appeals process for certain taxpayer claims, violates her free exercise rights. However, Plaintiff is unable to adequately demonstrate how the TRHCA is discriminatory or thwarting her religious practices. Moreover, the Court agrees with Defendant that the TRHCA advances the compelling government interest in efficiently collecting taxes by permitting the expedient disposal of meritless arguments.  The TRHCA is also the least restrictive means of burdening religious freedom because the TRHCA only disregards arguments that have no legal basis.  As a result, Plaintiff fails to establish that Defendant could not possibly prevail in regard to Plaintiff's Free Exercise claim.

Plaintiff also alleges that Defendant has violated the Religious Freedom Restoration Act of 1993 ("RFRA"), legislation reaffirming the right to practice religion without government interference.

11

In countering Plaintiff's argument, Defendant states that neutral laws substantially burdening religion in order to further a compelling government interest do not contravene the RFRA. (ECF No. 7 at 20-21.) Therefore, Defendant asserts that Plaintiff "cannot show that [Defendant] would not prevail under RFRA." (Id. at 20.) Even after Congress enacted the RFRA, the government's compelling interest in collecting taxes outweighs the burden imposed on an individual's religious freedom. Droz v. Comm'r Internal Revenue, 48 F.3d 1120, 1122-23 (9th Cir. 1995). Additionally, "[i]n the context of [the TRHCA], the Government's compelling interest in maintaining a sound and administratively workable tax system justifies the alleged restriction on free expression." Bradley v. United States, 817 F.2d 1400, 1403 (9thCir. 1987).

    Once again, although Plaintiff's pleadings are convoluted, Plaintiff appears to allege that the TRHCA violates the RFRA. As discussed above, the TRHCA uses the least restrictive means possible to further a compelling Government interest. It is also a neutral law, equally impacting all religions and beliefs. As a result, Plaintiff fails to establish that Defendant cannot possibly prevail in regard to Plaintiff's RFRA claim. Because Defendant could succeed on the merits, Plaintiff is unable to fulfill the first prong of the Act's judicial exception.

///
///
///
///
///

12

## 2. Jurisdiction Premised on Equity

"[T]he taxpayer must demonstrate that [he] is entitled to equitable relief." <u>Church of Scientology of California</u>, 920 F.2d at 1485. This entails establishing that "he has no adequate remedy at law and that the denial of injunctive relief would cause him immediate, irreparable harm." <u>Jensen v. IRS</u>, 835 F.2d 196, 198 (9th Cir. 1987). Plaintiff claims that she "has no alternative remedy" because "[n]one of the requested relief is available in any forum other than this one." (ECF No. 11 at 11-12.) Defendant disagrees and contends that "Plaintiff has an adequate remedy at law." (ECF No. 7 at 24.) According to Defendant, Plaintiff can provide her outstanding tax balance, and she "may then file an administrative claim for refund of taxes she believes she should not be required to pay, and then sue for a refund in a district court or the Court of Federal Claims." (<u>Id.</u>)

"A taxpayer cannot render an available review procedure an inadequate remedy at law by voluntarily forgoing it." <u>Alexander</u>, 416 U.S. at 762 n.13. Here, Plaintiff concedes that she declined to pay the assessed taxes and file a refund suit. Plaintiff also admits that she chose not to pursue all available administrative remedies. (ECF No. 1 at 15.) Plaintiff is not permitted to then claim that no satisfactory remedy exists simply because she would prefer to create her own remedy. Additionally, Plaintiff offers insufficient support for her allegations that she can obtain the requested relief only through the present action.

///

13

The Court finds that Plaintiff has "an adequate remedy at law in an action for a refund." Church of Scientology of California, 920 F.2d at 1488. Furthermore, allowing taxpayers to pick and choose any remedy that they desire would significantly hinder the tax system.

The plaintiffs in United States v. American Friends Service Committee also claimed that they had "no alternative legal remedy available." 419 U.S. 7, 11 (1974). The court held that a refund suit provided the plaintiffs with ample opportunity to litigate their liability. (Id.) Similarly, Plaintiff in the present case cannot ignore the existing and adequate remedy of paying the tax liability and then suing for a refund. Moreover, "[e]ven though the remitting of [Plaintiff] to a refund action may frustrate [her] chosen method of bearing witness to [her] religious convictions, a chosen method which [she] insist[s] is constitutionally protected, the bar of the [Act] is not removed." (Id.) Because Plaintiff has a satisfactory remedy available, "equity jurisdiction" does not exist, and Plaintiff is unable to satisfy the second prong of the Act's judicial exception.

As discussed above, the Act applies to the instant action, and Plaintiff fails to demonstrate that she qualifies for an exception to the Act.[4] Therefore, Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) is GRANTED.

///
///

---

[4] Plaintiff put forth several additional arguments as to why the Act should not bar the Court's jurisdiction over this case. After examining Plaintiff's theories, the Court finds them unpersuasive.

14

**MOTION TO DISMISS PURSUANT TO 12(B)(6)**

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554-55 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (internal citations and quotations omitted).

A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Moreover, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion of entitlement to relief.

15

1  Without some factual allegation in the complaint, it is hard to
2  see how a claimant could satisfy the requirements of providing
3  not only 'fair notice' of the nature of the claim, but also
4  'grounds' on which the claim rests." Twombly, 550 U.S. at 555,
5  n.3 (internal citations omitted).  A pleading must contain "only
6  enough facts to state a claim to relief that is plausible on its
7  face."  Id. at 570; see also Ashcroft v. Iqbal, 556 U.S. 662,
8  677-79 (2009).  If the "plaintiffs . . . have not nudged their
9  claims across the line from conceivable to plausible, their
10 complaint must be dismissed."  Twombly, 550 U.S. at 570; Iqbal,
11 556 U.S. at 680.

12     A court granting a motion to dismiss a complaint must then
13 decide whether to grant leave to amend.  Rule 15(a) empowers the
14 court to freely grant leave to amend when there is no "undue
15 delay, bad faith[,] dilatory motive on the part of the movant,
16 . . . undue prejudice to the opposing party by virtue of . . .
17 the amendment, [or] futility of the amendment. . . ." Foman v.
18 Davis, 371 U.S. 178, 182 (1962).  However, leave to amend is
19 generally denied when it is clear the deficiencies of the
20 complaint cannot be cured by amendment.  DeSoto v. Yellow Freight
21 Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Balistieri v.
22 Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) ("A
23 complaint should not be dismissed under Rule 12(b)(6) unless it
24 appears beyond doubt that the plaintiff can prove no set of facts
25 in support of his claim which would entitle him to relief.")
26 (internal citations omitted).
27 ///
28 ///

16

**ANALYSIS**

"Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." United States v. Lee, 455 U.S. 252, 260 (1982). Although Plaintiff's pleadings are confusing and, at times, contradictory, Plaintiff alleges that Defendant's tax policies and practices violate the Free Exercise Clause and the RFRA. (ECF No. 1 at 3.) Plaintiff also argues that Defendant's use of the word "frivolous" evidences Defendant's hostility toward Plaintiff's religious views.[5] (ECF No. 11 at 15.) Defendant contends that Plaintiff fails to state a claim "because the overwhelming weight of authority has held that the government's interest in maintaining a uniform, mandatory system of taxation is compelling, and sufficient to defeat any claim of a substantial burden on Free Exercise under either the First Amendment or RFRA." (ECF No. 7 at 24.)

"The Free Exercise Clause . . . does not afford an individual a right to dictate the conduct of the Government's internal procedures." Bowen v. Roy, 476 U.S. 693, 693 (1986).

///
///
///

---

[5] There appears to be some confusion over Defendant's use of the word "frivolous." Plaintiff mistakenly believes that Defendant utilizes "frivolous" as a means of discouraging religion. The Court finds that Defendant uses "frivolous" in its legal context, referring to an argument lacking a legal or factual basis. (ECF No. 12 at 7.)

17

Thus, "[t]he fact that some persons may object, on religious grounds, to some of the things that the government does is not a basis upon which they can claim a constitutional right not to pay a part of a tax." Autenrieth v. Cullen, 418 F.2d 586, 588 (9th Cir. 1969). "The tax system could not function if denominations were allowed to challenge the tax system because tax payments were spent in a manner that violates their religious belief." Lee, 455 U.S. at 260. Moreover, "[t]he Supreme Court has made it clear that a federal taxpayer has no standing to maintain a purely religious objection to federal expenditures." Grove v. Mead School Dist. No. 354, 753 F.2d 1528, 1532 (9th Cir. 1985), cert. denied, 474 U.S. 826 (1985). Because Plaintiff claims she is willing to voluntarily remit her outstanding tax liability only upon assurance that the funds will be used for purposes she deems acceptable, she essentially objects to Defendant's method of allocating tax dollars. Her position also prescribes both the grounds on which she will pay the tax and how the government can use the revenue. Furthermore, Plaintiff repeatedly cites her religious convictions as the basis for withholding tax payments. As a result, the Court agrees with Defendant that "the overwhelming weight of authority" clearly demonstrates that Plaintiff fails to state a claim.[6]

In an analogous case decided after Congress enacted the RFRA, a plaintiff sought a court order preventing the IRS from allocating his tax dollars to war-related programs.

---

[6] Although the Court has duly considered Plaintiff's various arguments opposing the Motion to Dismiss under Rule 12(b)(6), these arguments are insufficient to warrant further discussion.

18

Kennedy v. Rubin, 1995 WL 552148, *1 (N.D. Cal. Sept. 07, 1995). Additionally, the plaintiff wanted his payments distributed to programs that he did not consider "religiously objectionable." Id. In granting the defendant's motion to dismiss pursuant to Rule 12(b)(6), the court found that "a plaintiff cannot state a claim based upon a religious objection to paying taxes." Id. at *3. The court also noted that the plaintiff simply "attempts to elevate form over substance" when he endeavors to distinguish his lawsuit from past cases on the ground that "he is not opposed to paying his federal taxes, but rather, seeks Only to divert his taxes away from military programs." Id. The court held that Supreme Court and Ninth Circuit decisions attach "equally whether the taxpayer refuses to pay taxes or simply attempts to control the use of any taxes tendered to the Government."

Likewise, Plaintiff in the present case seeks to prevent Defendant from using her tax dollars for war-related programs. Plaintiff claims that she will pay the full extent of her tax liability only if the money is allocated to peaceful purposes. Plaintiff predicates her lawsuit on Defendant allegedly suppressing religion. However, Kennedy v. Rubin plainly demonstrates that Supreme Court and Ninth Circuit cases estop Plaintiff from bringing her lawsuit, a religious objection to the country's tax system, even if she does not dispute her overall tax liability. Moreover, Plaintiff claims that Defendant's tax procedures violate her Constitutional and statutory religious rights, but "nothing in the Constitution prohibits the Congress from levying a tax upon all persons, regardless of religion, for support of the general government." Autenrieth, 418 F.2d at 588.

19

Therefore, Plaintiff fails to state a claim, and Defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED.

### CONCLUSION

As a matter of law, and for the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 7) is GRANTED. Plaintiff's Complaint is accordingly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and, alternatively, for failure to state a claim under Rule 12(b)(6).

Because the Court does not believe that the defects of Plaintiff's Complaint can be remedied though amendment, leave to amend is DENIED.  The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: December 6, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE